**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **OLIVIA VANESSA LLOYD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.:** |
| | ) | |
| **EMBRY-RIDDLE AERONAUTICAL** | ) | |
| **UNIVERSITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

      **COMES NOW** Plaintiff, OLIVIA V. LLOYD, by and through the undersigned

counsel, herein, files this Complaint against Embry-Riddle Aeronautical University, Inc.,

Defendant herein, and alleges:

**JURISDICTION AND VENUE**

      1.    This is an action for damages which exceeds Fifteen Thousand Dollars

($15,000.00), exclusive of interest, costs and attorney's fees.

      2.    All acts and transactions that are the subject of this suit occurred within

the Orlando Division of the United States District Court for the Middle District of

Florida.

      3.    Plaintiff, Olivia Vanessa Lloyd, (hereinafter "Plaintiff" or "Mrs. Lloyd"),

a competent person of legal age, is an African-American/Black female individual residing

in Daytona Beach, Volusia County Florida.

      4.    Defendant, Embry-Riddle Aeronautical University, Inc. (hereinafter

referred to as "ERAU" or more simply as the "Defendant") is a Florida non-profit corporation engaged in the business of proprietary education in this State with its principle place of business at 600 South Clyde Morris Boulevard, Daytona Beach, Florida 32114-2900, where Plaintiff is employed.

5.      The action arises under the Florida Civil Rights Act of 1977, as amended, F.S. Chapter 760 (the "FCRA"), Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and color

6.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## CONDITIONS PRECEDENT

7.      Defendant is a Florida Corporation with more than fifteen (15) employees.

8.      In October 2019, Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

9.      On February 12, 2020, the EEOC issued a Notice of Right to Sue, which is attached hereto as **Exhibit A.**

10.      On May 13, 2020 Plaintiff received an electronic communication from EEOC Investigator Consuelo Nodar, advising Plaintiff that her 90-Day period (Right to Sue) started May 13, 2020, which is attached hereto as **Exhibit B.**

11.      Plaintiff, reasonably relied upon this information and sought legal counsel

based on this understanding.

12.     More than 180 days have passed since the time that EEOC and/or the FCHR received the Charge of Discrimination on behalf of the Plaintiff.

13.     Accordingly, all conditions precedent to bring this action, including, but not limited to, the administrative requirements, have been satisfied or otherwise waived.

## SUMMARY OF CLAIM

14.     Based on Plaintiff's race, color or national origin, Plaintiff is being discriminated against in the disparity of pay based on race as compared to non-Black colleagues similarly situated. During her employment, Mrs. Lloyd has served as a Director for more than 20 years, yet earned substantially less than her counterparts across the organization Mrs. Lloyd's direct supervisors identified and acknowledged this inequitable treatment pay, bringing it to the attention of the Defendant, yet still these efforts were inadequate and continued to result in disparate treatment with regards to Mrs. Lloyd's compensation. Mrs. Lloyd has not received a negative evaluation, corrective action plan or been placed on probation for work performed. In fact, every evaluation conducted resulted in an above satisfactory review of performance. In comparison to her non-Black colleagues Mrs. Lloyd, was grossly underpaid when comparing directly with other employees as Directors, Managers, or Department Leaders, in this fact the only common differential is that Mrs. Lloyd is a member of a protected class as a Black/African-American. To date, Mrs. Lloyd is the only African-American in a director or management position within Defendant's employ and as such continues to suffer adverse employment discrimination by Defendant.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## ALLEGATIONS

15.     The Plaintiff was discriminated against on the basis of her race, color or national origin, as an African-American/Black female, in violation of aforementioned statutes.

16.     Olivia V. Lloyd was hired in April 1985 as a full-time temporary employee.

17.     In April 1987 was hired in as Permanent full-time employee of Defendant.

18.      Mrs. Lloyd continued her employment through 2005, when she was then promoted to Director of Disability Support Services.

19.     Mrs. Lloyd has over 40 years of experience, 35years being employed by Defendant.

20.     Mrs. Lloyd has achieved significant milestones in developing and enhancing her department as an employee of Defendant.

21.     Mrs. Lloyd, earned her Master of Science Degree in Technical Management in 2000, prior to being transferred to Disability Support Services as an advocate in 2004.

22.     Mrs. Lloyd was also given the title of ADA Coordinator for the Defendant in 2008.

23.     Mrs. Lloyd is skilled, knowledgeable and well-equipped to perform the duties of her job.

24.     Mrs. Lloyd has not received a negative evaluation or less than satisfactory report regarding her performance since being hired as an employee with Defendant.

25.     Mrs. Lloyd has managed the workload of three campuses while serving as a Director.

26.     As a Director Mrs. Lloyd was grossly underpaid compared to her non-African American counterparts.

27.     Based on Defendant's historical pay data and employee classifications, Mrs. Lloyd as a Director and being assigned more than one campus was not given the same or equal consideration as her Non-Black counterparts who were otherwise similarly situated as her in leadership and or experience, from 2006 to present.

28.     Despite Defendant's knowledge in the deficiency and discriminatory pay practices and Mrs. Lloyd has yet to receive adequate relief and continues to be adversely impacted by this ongoing inequitable treatment as a member of a protected class.

29.     It is further alleged that this discrimination in intentional under compensation due to Mrs. Lloyd being a member of a protected class as Black/African American.

30.     Nancy Parker, former supervisor for Mrs. Lloyd informed the Defendant that Mrs. Lloyd was grossly underpaid for her position and responsibilities and as a result sought a substantial increase for Mrs. Lloyd, in 2006, still leaving Mrs. Lloyd well-underpaid compared to similarly situated non-Black/African American colleagues.

31.     Robert Oxley, former Associate VP for Academics has informed the Defendant that during the time of his employ and while Mrs. Lloyd reported to him directly she received nothing but positive reviews and he commended her on her dedication to the organization. Furthermore, he has asserted that during this time he

believed Mrs. Lloyd to be taken advantage of as relates to her compensation as a Director or lack thereof.

32.     Mrs. Lloyd was still underpaid by comparison to her non-Black/African-American colleagues in similar Director or leadership positions.

33.     As a direct and proximate result of the actions by the Defendant, Plaintiff suffered financial hardship, pain and suffering and professional embarrassment.

**COUNT I**
**RACE AND COLOR DISCRIMINATION (Title VII)**

34.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 33.

35.     Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, by and through the Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her race and color.

36.     Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race and color.

37.     The unlawful employment practices of Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, by and through Defendant's agents, includes 1) failure to compensate Plaintiff equally based on her position, experience, responsibilities

as compared their non-African American counterparts whom were similarly situated, and the intentional and repetitive acts of continually as a matter of policy underpaying Plaintiff, 2) Disparate treatment of Plaintiff, when compared to non-African American persons similarly situated, failing to respond to Plaintiff's complaints or request to discuss her unfair treatment, and not affording same opportunities as non-African American co-workers who were similarly situated.

38.    The unlawful employment practices of Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, specifically the intentional discriminatory compensation practices of promoting non-black/African-American persons to higher positions and compensating them accordingly, while not engaging in the same practice for Plaintiff, despite Plaintiff having more experience or qualifications and in some instances both.  Plaintiff being grossly under compensated because of her race and color continues to have a disparate and adverse impact on Plaintiff because of her race and color.

39.    Such employment practices were not job-related and were not consistent with business necessity.

40.    As a direct and proximate result of Defendants' conduct of discrimination in violation of Title VII, the Plaintiff has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff has retained

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

counsel and is obligated to pay a reasonable attorney's fee; which Plaintiff is entitled to recover under applicable law.

41.    To remedy the violations of the rights of the Plaintiff as secured by Title VII, Plaintiff requests that the Court award them the relief as prayed for below.

## COUNT II
## RACE AND COLOR DISCRIMINATION (FCRA)

42.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 33.

43.    Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, by and through the Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her race and color.

44.    Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race and color.

45.    The unlawful employment practices of Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, by and through Defendant's agents, includes 1) failure to compensate Plaintiff equally based on her position, experience, responsibilities as compared their non-African American counterparts whom were similarly situated, and the intentional and repetitive acts of continually as a matter of policy underpaying

Plaintiff, 2) Disparate treatment of Plaintiff, when compared to non-African American persons similarly situated, failing to respond to Plaintiff's complaints or request to discuss her unfair treatment, and not affording same opportunities as non-African American co-workers who were similarly situated.

46.    The unlawful employment practices of Defendant, EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, specifically the intentional discriminatory compensation practices, of promoting non-black/African-American persons to higher positions and compensating them accordingly, while not engaging in the same practice for Plaintiff, despite Plaintiff having more experience or qualifications and in some instances both. Plaintiff, being grossly under compensated because of her race and color continues to have a disparate and adverse impact on Plaintiff because of her race and color.

47.    Such employment practices were not job-related and were not consistent with business necessity.

48.    As a direct and proximate result of Defendants' conduct of discrimination in violation of Title VII, the Plaintiff has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff has retained counsel and is obligated to pay a reasonable attorney's fee; which Plaintiff is entitled to recover under applicable law.

49.     To remedy the violations of the rights of the Plaintiff as secured under Title VII, Plaintiff requests that the Court award them the relief as prayed for below.

## COUNT III
## 42 U.S.C. §1981 (Discrimination)

50.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 33.

55.     Plaintiff is African-American and a member of a protected class. While employed with Defendant, Plaintiff was qualified for her position and performed her duties to and above the standard of expectation. Plaintiff was treated less favorably than similarly situated, non-African-American employees.

56.     Plaintiff was not properly compensated, and paid less than persons outside of her protected class as an African-American who were similarly situated as her. Plaintiff's mistreatment and the unlawful actions against her affected a "term, condition or privilege" of her employment, and/or Plaintiff suffered an adverse employment action by virtue of her mistreatment.

57.     By the conduct described above, Defendant EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC., intentionally deprived the above-named African American, a member of the class of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment and all benefits and privileges, of their employment relationship with EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC, in violation of 42 U. S. C. §1981.

58.     As a direct and proximate result of Defendants' conduct of discrimination

in violation of Section 1981, the Plaintiff has suffered compensatory damages, emotional distress, mental pain and suffering, inconvenience, outrage, embarrassment, humiliation, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff has retained counsel and is obligated to pay a reasonable attorney's fee; which Plaintiff is entitled to recover under applicable law.

59.     To remedy the violations of the rights of the Plaintiff as secured by Section 1981, Plaintiff requests that the Court award them the relief as prayed for below.

recover under applicable law.

### DEMAND FOR JURY TRIAL

60.     Plaintiff demands a trial by jury of all issues triable as of right by jury

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully request this Court enter a judgment awarding all such legal and equitable relief as well effectuate the purpose of the aforementioned statutes and Florida common law including, but not limited to: a) awarding appropriate damages, including back pay and front pay, damages for pain and suffering or emotional damages, b) issuing a declaratory judgment that Defendant's practices are violative of Plaintiff's rights under the applicable statutes, c) enjoining the Defendant from continuing or maintaining the policy, practice and custom of denying their statutory rights under the applicable statutes, d) ordering Defendant to place Plaintiff in the salary position she would have had, absent Defendant's unlawful conduct,

e) restoring Plaintiff with credits of all other employee benefits should would have received but for the Defendant's conduct, and, f) award Plaintiff her costs and attorney's fees pursuant to statutory authority.

**Dated: August 11, 2020**

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and hand delivered to the persons listed below.

Charles Sevastos,
Registered Agent/General Counsel
Embry-Riddle Aeronautical University, Inc.
600 Clyde Morris Blvd.
Daytona Beach, Florida 32114-3966
Sent via e-mail at sevastoc@erau.edu

Respectfully submitted,

/s/Kevin Allen Nash
Kevin C. Allen Nash
Attorney for Plaintiff
Florida Bar Number: 98229
KAN LAW FIRM, PA
PO Box 951543
Lake Mary, FL  32795-1543
Telephone: (407) 622-0145
Fax: (407) 329-3332
E-Mail: kevin@kanlawfirm.com

COMPLAINT FOR EMPLOYMENT DISCRIMINATION